IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRYL GREEN, #352-363             *
    Plaintiff
                                                        *

v.                                                                                 Civil Action No. WDQ-11-3550
                                                     *
WARDEN,
    Defendant                      *
                                                  ***

## MEMORANDUM

After receiving state prisoner Darryl Green's letter Complaint stating he could not safely be housed at the Maryland Correctional Training Center and wherein he sought emergency injunctive relief (ECF No. 1), the Court directed the Maryland Attorney General to file a show cause response. ECF No. 2. The Court noted counsel's response would constitute neither acceptance on behalf of any named defendants, nor waiver of any arguable defenses. The Maryland Attorney General responded and Plaintiff replied. ECF Nos. 4 & 5.

For the following reasons, the Court finds emergency injunctive relief is unwarranted and emergency relief will be DENIED. Green will be granted twenty-eight days to inform the Court whether he wants to continue consideration of the claims in the Complaint or withdraw this case.

### I.    BACKGROUND

Green a self-represented inmate, initiated these proceedings by claiming that prior to his incarceration he and Correctional Officer S. Brown had a "romantic affair" that did not end well. Green claimed that when Brown saw him she stated, "I got your ass now." Brown called two officers to search the Plaintiff's cell. The cell search revealed contraband that was attributed to Green. He states that he notified the administration that he was being targeted by Brown due to their failed relationship. He states that he gave them her home address, telephone number and children's names. He states that on an unspecified date another officer came to his cell and "informed me that it's a shame how suicides are common during these upcoming holidays." He advised the Plaintiff to keep his mouth shut and tell his family to do the same. ECF No. 1.

Plaintiff's claims against Brown were investigated by the Department of Public Safety and Correctional Services Internal Investigation Unit. ECF No. 4, Ex. 1. Sgt. Detective Fagan interviewed the Plaintiff, Captain Wood, and Correctional Officers John McKinley and Selissa Brown. *Id.* Fagan indicated that his investigation was prompted by a letter from Green indicating he had an affair with Brown and that Brown conspired with other correctional officers to plant contraband in his cell. Fagan's investigation revealed that Captain Wood developed information from an inmate informant that drugs could be found in Green's cell and Wood directed that Green's cell be searched. Brown was not involved in that directive. Fagan reviewed the inmate rule violation report and chain of custody relative to the search of the Plaintiff's cell and found no discrepancies. During his interview, Green provided a home address for Brown as well as the names of Brown's children. Further investigation revealed that Brown does not have two sons and did not live at the address reported by Plaintiff. Brown denied having a personal relationship with Green or conspiring with other officers to plant contraband in his cell. Fagan concluded the investigation finding that there was no evidence of the acts alleged by Plaintiff and found that Plaintiff had made the claims in an effort to absolve himself of the disciplinary infraction. *Id.*

## II.    STANDARD OF REVIEW

A preliminary injunction is an extraordinary and drastic remedy, see *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008), requiring a movant to demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. See *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on

other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

After considering Green's claims and counsel's response, the Court concludes that Green fails to show that he is likely to succeed on the merits. Green's claims have been investigated and found to be unsubstantiated. Defendant has uncovered no evidence to show that Green is the target of correctional staff. The information Green provided regarding his relationship with Brown was incorrect and Brown has denied having a personal relationship with Green. Moreover, the investigation revealed that the search of his cell was prompted by an inmate informant, not by correctional staff as alleged. Additionally, Green has failed to show that he is likely to suffer irreparable harm without emergency injunctive relief. The Plaintiff's failure to make a clear showing of irreparable harm is, by itself, a ground upon which to deny injunctive relief. *See Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d 802, 812 (4th Cir. 1992.) The irreparable harm must be "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989); *see also Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983). Under these circumstances the Court finds injunctive relief is not warranted.

III.   CONCLUSION

Absent demonstration by Green that emergency injunctive relief is warranted, the Court will deny his request for relief and grant him twenty-eight days to state whether he wants to proceed on his claims. He may also provide supplemental information in support of his claims within this time period.

2/16/11
Date

William D. Quarles, Jr.
United States District Judge

3